BURKHAM
v.
PIERCE.

---·-◦-�𝒢-·-

## BURKHAM *v.* PIERCE and Another.

This case is decided upon the evidence.

APPEAL from the *Dearborn* Circuit Court.                        *Tuesday,*
                                                                *June 22.*
Per *Curiam.*—Suit by the appellees against the appellant
for the hire and use of a horse and buggy, and for damage
and injury done to the same while in the possession of the
defendant, through his alleged carelessness and negligence.
Trial by the Court, finding for the plaintiffs 86 dollars, 25

cents, on which there was judgment, over a motion for a new trial.

Exception was taken, setting out the evidence. The finding of the Court upon the evidence, and its refusal to grant a new trial, are the only matters complained of.

The evidence shows that *Burkham* hired the horse and buggy of *Pierce & Craft*, to go from *Lawrenceburg* to *Cincinnati* and back, and that while the horse and buggy were returning from *Cincinnati* in charge of one *Mason*, as the agent of *Burkham*, they came in collision with a wagon going in an opposite direction, whereupon the horse suddenly started and ran away, breaking the buggy, causing damage, which, with the use of the horse and buggy, amounted to the sum found by the Court. There was testimony showing that the injury happened through the careless manner in which *Mason* was driving at the time of the collision; but there was some conflict on this point. On the other hand, there was proof showing that the horse had once before, in *June*, 1854, run away; and that such a horse is not safe. Several witnesses, however, testified that they had driven the horse in a buggy, and that he appeared trustable and safe, and was not hard-mouthed, and was easily checked up. Four witnesses testified that after the time when the horse ran away in *June*, 1854, they had driven him, and he manifested no disposition to run away, and though spirited, he seemed safe and manageable.

The Court found from the evidence, " that the horse was an ordinarily and reasonably safe horse, and that the said *Mason* might have avoided said collision, by the exercise of such care and caution as he ought to have used."

Upon an examination of the evidence, we cannot say that the finding was clearly wrong, and therefore the judgment must be affirmed.

The judgment is affirmed with costs.

*P. L. Spooner* and *A. Brower*, for the appellant.

*J. Ryman*, for the appellees.